**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIAN GONZALEZ-HERNANDEZ,

Defendant - Appellant.

No. 06-3267

D. Kansas

(D.C. No. 06-CR-10009-01)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Julian Gonzalez-Hernandez, a citizen of Mexico, pled guilty to one count of illegal re-entry into the United States after a conviction of an aggravated felony in

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 8 U.S.C. § 1326(a). The court sentenced him to 86 months imprisonment, a sentence within the guideline range. Gonzalez-Hernandez timely appealed. His counsel filed an *Anders* brief and moved to withdraw stating she could find no non-frivolous bases for appeal despite a diligent search. *See Anders v. California,* 386 U.S. 738 (1967).[1] Gonzalez-Hernandez filed a *pro se* supplemental brief. The government did not submit a brief. Neither Gonzalez-Hernandez nor his counsel raise any non-frivolous issues and our review of the record reveals none. We grant counsel's motion to withdraw and dismiss the appeal.

## I. BACKGROUND

On January 11, 2006, Gonzalez-Hernandez was charged with one count of illegal re-entry subsequent to a conviction of an aggravated felony, one count of felon in possession of a firearm, and one count of being an alien not lawfully in the United States in possession of a firearm. Gonzalez-Hernandez pled guilty to the count of illegal re-entry subsequent to a conviction for an aggravated felony.

---

[1] *Anders* holds "if counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points he chooses." *Id.* Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal. "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

The pre-sentence report (PSR) identified no grounds for a downward departure and recommended against departure. Prior to sentencing, Gonzalez-Hernandez objected, claiming his criminal history category of VI over-represented the seriousness of his criminal history and the likelihood he would commit other offenses.

At sentencing, counsel for Gonzalez-Hernandez emphasized that he had but one felony conviction and eight of his eleven criminal history points were the result of four DUI convictions occurring before 1999. His counsel also informed the court of Gonzalez-Hernandez's difficult childhood, leading to his problems with alcohol, and emphasized his participation in an alcohol rehabilitation program following the DUI convictions. Counsel requested the district court exercise its discretion to depart downward and impose a 46 month sentence. The district court noted the arguments and objection to the PSR, but ultimately denied the request for downward departure, stating:

> Given the defendant's repeated drunken driving convictions and his numerous incidents of violating probation, as well as his methamphetamine conviction of 2002, the Court cannot say that category 6 substantially overstates the seriousness of the history or the likelihood that he . . . will commit future crimes.
>
> . . . .
>
> The Court has considered the factors set forth in 18 USC § 3553A, including the advisory guideline range. The Court intends to impose a sentence of 86 months, which represents a sentence at the midpoint of the advisory guideline range. This sentence serves the purpose of sentencing by incapacitating and punishing the defendant for that

period of time.

(R. Vol. III at 9-10.)  This timely appeal followed.

## *II. DISCUSSION*

Following the notice of appeal, Gonzalez-Hernandez's attorney filed an

*Anders* brief.  *See* 386 U.S. at 741-42.  Counsel explained she "examined

carefully the facts and matters contained in the record on appeal and has

researched the law in connection therewith, and has concluded that the appeal

presents no legally non-frivolous questions." (*Anders* Br. at 8.)  Nevertheless,

Gonzalez-Hernandez filed a *pro se* brief in which he contends his sentence is

unreasonable in violation of *United States v. Booker,* 543 U.S. 220 (2005).  He

maintains the district court failed to consider his alcohol rehabilitation, the

vicissitudes of his childhood, and the dependency of his ill and impoverished

family as compelling bases for a lower sentence.[2]

"[W]hile we do not have jurisdiction to review the district court's

discretionary decision to deny a downward departure, we have jurisdiction

post-*Booker* to review the sentence imposed for reasonableness." *United States v.*

---

[2] Gonzalez-Hernandez's arguments regarding his family ties and his family's medical condition arise for the first time in his *pro se* brief.  Thus, these factual arguments will not be considered.  *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1260 (10th Cir. 2006) ("Ordinarily we do not address arguments not made below.  That practice is particularly appropriate here, because his failure to raise the argument below deprives us of any fact finding on the matter by the district court." (citation omitted)).

*Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006).  In so doing, we apply "a rebuttable presumption of reasonableness [to] sentences imposed within the advisory guideline range."  *Id*. (citing *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir.2006)).  Gonzalez-Hernandez fails to rebut the presumption of reasonableness.

The district court was fully advised of the timing and nature of Gonzalez-Hernandez's prior convictions, including the fact that the majority of his criminal history points were the result of dated DUI convictions.  Although the district court did not refer to his alcohol rehabilitation program, it knew he had been granted probation after each DUI conviction and probation was revoked; twice for failure to comply with the recommendations of the drug and alcohol evaluations court and failure to pay assessments and once for failure to report to his probations officer.  After completing a term of incarceration for methamphetamine possession with intent to sell (a felony),[3] he was deported to Mexico on December 1, 2004.  He re-entered the United States approximately three months later.  Gonzalez-Hernandez informed the court he was addicted to methamphetamine.  To what degree the court took his admitted addiction into account is not clear, but obviously prior substance abuse counseling was of little consequence since he continued to drive while intoxicated, endangering the

---

[3] Gonzalez-Hernandez was given probation on this offense as well, but that opportunity to demonstrate reformation was also lost.  This time for a revocation due to a misdemeanor conviction.

public. The argument is one that may be "passed over in silence." *See U.S. v. Traxler,* 477 F.3d 1243, 1249 (10th Cir. 2007) (citations omitted).

We have fully examined the proceedings as required by *Anders*. Because this case presents no legal points arguable on their merits, it is frivolous.[4] Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[4]*See Anders*, 386 U.S. at 744.